BALASQUIDE v. ROSSY, DISTRICT JUDGE.

APPLICATION for a Writ of *Certiorari.*

No. 86.—Decided February 9, 1912,

UNAPPEALABLE ORDER—APPOINTMENT OF RECEIVER—CERTIORARI.—It has been held repeatedly by this court that an order appointing a receiver made by a district court is not appealable alone and that in proper cases said appointment is reviewable immediately by means of the extraordinary remedy of *certiorari.*

TEMPORARY MAINTENANCE—APPEALABLE DECISIONS—CERTIORARI.—Although according to the provisions of section 84 of an Act relating to Special Legal Proceedings, approved March 9, 1905, judgments rendered in actions for temporary maintenance are appealable, in the case at bar the proceedings provided for by that act have not been complied with, and as the order granting maintenance seems to have been issued to serve as a sort of additional burden on the receiver whose appointment is the subject of revision by this appeal, the jurisdiction of this court extends also to the said order granting temporary maintenance.

JUDGES—AUTHORITY TO RECONSIDER ORDERS OF HIS PREDECESSOR.—A judge has authority to reconsider the orders of his predecessors in actions submitted to his consideration provided the application is made within the proper time and the circumstances of the case require it.

APPOINTMENT OF RECEIVER AFTER JUDGMENT.—According to the laws in force, a receiver may be appointed after a judgment either ·for the purpose of carrying the judgment into effect, or of disposing of the property in accordance therewith, or of preserving the same pending the decision on appeal, all of which implies that there is property really involved in the litigation.

ID.—WHEN PROPER.—The power to appoint a receiver although resting upon the sound discretion of the court is not arbitrary and is a delicate power which should be exercised with extreme caution and only under circumstances requiring summary relief, or where the court is satisfied that there is imminent danger of loss, and it should never be exercised in a doubtful case.

APPOINTMENT OF RECEIVER AFTER JUDGMENT.—In cases of this nature, before a receiver is appointed by the court in the exercise of its discretion it should hear both parties fully and have before it the real facts showing that the appointment of a receiver is in fact necessary and that there is no better way to secure the preservation of the property.

TEMPORARY MAINTENANCE—PROCEDURE TO BE FOLLOWED—EVIDENCE.—In actions for temporary maintenance it is necessary not only that the right to support be alleged and established by evidence, but that before fixing the amount to be paid information should first be obtained by the court as to the requirements of the party applying for it and the means of the party who is to furnish it.

The facts are stated in the opinion.

*Messrs. José de Guzmán Benítez* and *Juan de Guzmán Benítez for appellant.*

*Messrs. Herminio Díaz, Francis H. Dexter* and *Cayetano Coll y Cuchí* for adverse party.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an application by Antonio Balasquide Gómez for a writ of *certiorari* to be directed to the judge of the District Court of San Juan, Section 2, seeking the annulment of certain orders appointing a receiver and making an allowance for maintenance in an action for filiation, acknowledgment and declaration of heirs, brought by Enrique Camacho against Antonio Balasquide.

The petition having been duly sworn to, the writ was issued and a day was set for the hearing, at which counsel for both parties appeared and made their respective arguments.

The original records having been ordered from the court below, they are now before us for consideration.

It appears from the record that on January 31, 1911, an

amended complaint was filed in the District Court of San Juan in the suit brought by Enrique Camacho and his mother as a party plaintiff against Antonio Balasquide Gómez, wherein certain facts were set forth tending to show that the plaintiff is a natural son of Ramón Balasquide Gómez, brother of the defendant, and which concluded with the prayer that the judgment be rendered declaring the plaintiff to be the acknowledged son and the sole heir of the said Ramón Balasquide.

All the proceedings in the case having been duly had, on August 9, 1911, judgment was rendered in favor of the plaintiffs with costs against the defendant. On August 15, 1911, copy of the judgment was served on both parties, and on August 22, 1911, the defendant filed a motion for a new trial. He took the case up on appeal from the judgment on September 12 of the same year.

This was the situation when on October 17, 1911, the plaintiff filed a motion for the appointment of a receiver "to take possession of the property mentioned which is in litigation, for the management thereof, for the collection of rentals, etc.," the following facts being alleged under oath in support of the motion, to wit:

That he has obtained a favorable judgment; that the case has been sent up on appeal, and that "under the judgment, the plaintiff is the sole owner of the estate left by Ramón Balasquide Gómez consisting of a number of properties, some of which were inherited and others acquired under other titles by Ramón Balasquide, a full description of which appears in the complaint filed in this same section of the District Court of San Juan and is attached hereto, and that all of said properties are now in the possession of the defendants, principally of Antonio Balasquide who resides outside of the territorial jurisdiction of this court and who may unlawfully dispose of them in fraud of the rights of plaintiff." The petitioner further alleges and believes "that such fraudulent disposition of his properties may take place at any time, and

that he will have no means to prevent it unless, under the law, a receiver is appointed by this court." Petitioner further states that "he has good reasons to believe that the intention exists to conceal and remove the said properties, that the purpose of the judgment may be defeated. That all the rentals and products from said properties go now to the defendants for their own benefit; that no accounts are rendered either to him or to anybody else; that in his opinion all this is done for the purpose of injuring his rights, and that he fears he will find himself without any means speedily and adequately to prevent such dispossession."

From the copy of the complaint referred to in this petition, it appears that Enrique Balasquide Camacho brought a suit against Antonio Balasquide *et al.* for the recovery of an inheritance. The complaint sets out facts tending to establish the rights of the plaintiff and ends with the prayer that judgment be rendered declaring null and void certain declarations of heirs and a deed executed before a notary on March 5, 1910, by Antonio Balasquide.

Acting on said petition the judge issued an order at chambers on October 27, a copy of the pertinent portion of which is as follows:

"A petition has been filed by the plaintiff requesting the appointment of a receiver to take charge and keep possession, under the orders of this court, of certain properties specifically mentioned in the copy of the complaint accompanying this petition. And it appearing from an examination of this petition that both the law and the facts are in favor of the petitioner,

"It is ordered that on Monday October 30, instant, at 10 a. m. in open session, the court will appoint a receiver, fix the amount of his bond and perform such other acts as may be proper under the law; unless the defendants shall on that day and hour appear and show cause why such appointment should not be made, and the attorneys of record for the defendants shall be served with a copy of this order."

Notice thereof was served in the afternoon of October 27 on the attorney for the defendant, Juan de Guzmán Bení-

tez, who on the 20th of the same month filed a motion objecting to the proceedings taken and to the appointment of a receiver. Notwithstanding this motion the judge decided to hear, and did so hear, counsel for both parties on the 30th of the month, which was the day previously set for the purpose, and on the 31st he issued the following:

"ORDER APPOINTING A RECEIVER.

"*Whereas,* the plaintiff in this case, Enrique Camacho, accompanied by his mother, Martina Camacho, through their attorneys, Frank H. Dexter, Herminio Díaz and Cayetano Coll y .Cuchí, under the provisions of subdivision 3 of section 182 of the Code of Civil Procedure filed a petition for the appointment of a receiver, and

"*Whereas,* upon due consideration of the grounds of said petition, this Second Section of this District Court on October 30, 1911, issued an order requiring the defendants to appear in open court to show cause, if any, why the said appointment should not be made; and

"*Whereas,* all the parties herein, accompanied by their respective counsel, did appear in this court on the day and at the hour set, and then and there presented and properly argued their case.

"*Now, therefore,* the court, considering itself sufficiently informed on the questions at issue,

"*Hereby orders,* that the petition for the appointment of a receiver filed by the plaintiff should be and is hereby granted; and

"*It is further ordered,* that Enrique Campillo Abrams shall be appointed as receiver, and

"*It is further ordered,* that said receiver shall furnish bond in the sum of $10,000 to be approved by the court for the faithful discharge of his duties, and

"*It is further ordered,* that on furnishing the required bond the receiver shall proceed to take possession of the following real property alleged to constitute the estate inherited by Antonio Balasquide:

|  |  |
|---|---|
| House No. 23 Allen Street.........valued at | $17, 000 |
| House No. 59 Allen Street............do.... | 8, 000 |
| House No.  6 Depósito Street.........do.... | 8, 000 |
| House No.  3 Puntilla Street.........do.... | 7, 000 |
| House No. 10 New Street.............do.... | 3, 000 |
| House No. 12 Isabel II Street.........do.... | 11, 000 |
| House No.  5 Depósito Street.........do.... | 7, 000 |

House No.   8 New  Street............do....   6,000
House situated in Ollería............do....   3,000
Lot in Machuchal, Santurce (described).
Lot in Machuchal, Santurce (described).

"*And it is further ordered,* that said receiver shall have all the other powers and duties properly pertaining to his office; that he shall keep an exact accounting of all his acts; and shall deposit in the Bank of Nova Scotia all the funds collected by him."

The record further shows that Martina Camacho, through her attorney, filed the following motion:

"That an order having been issued on October 31, 1911, placing the estate inherited by her son in charge of a receiver, that as the petitioner and the plaintiff are entitled to receive for their support a certain monthly allowance during the time the receivership shall continue in existence,

"The court is requested to direct the receiver to pay to the petitioner the sum of $50 per month."

The court, without hearing the adverse party, decided this motion as follows:

"Following the decision of the Supreme Court in the Lucero case, this motion is sustained and the receiver is hereby instructed to pay to the petitioner the said monthly allowance."

Judge Foote, who issued the orders appointing a receiver and allowing support, resigned the judgeship on October 31 to become *fiscal* of the Supreme Court, and Judge Rossy commenced his term on October 1. The defendant, Balasquide, appeared on November 3, 1911, before the latter judge in the matter of the action for filiation praying that the orders aforementioned be reconsidered. After hearing counsel for both sides, the court, on November 23, 1911, overruled the motion filed by defendant on the ground that he did not consider himself vested with "power to review, reverse, set aside or modify the orders issued by his predecessor."

This ends our review of the facts considered by us to be

material to a proper understanding of the case and brings us to a consideration of the legal questions involved herein, which will be taken up in the following order:

1. Whether or not the appeal lies.

2. Whether or not a judge may consider the orders of his predecessor.

3. Whether or not the procedure followed for the appointment of a receiver was erroneous and the facts were such as to warrant the appointment of such receiver.

4. Whether or not we should hold the procedure followed in granting the allowance for support to be erroneous.

Let us consider the first question. During the hearing on appeal counsel for the defendant in the action for the acknowledgment of a son alleged that as the orders, the dismissal of which was sought, were appealable the extraordinary remedy of *certiorari* did not properly lie.

As far as the order appointing a receiver is concerned, it has already been decided by this court in a number of cases that an appeal from such an order does not lie. *Salvá* v. *Borrás,* 8 P. R. R., 194; *Salvá* v. *Borrás,* 8 P. R. R., 195; *Moreno* v. *Martínez,* 10 P. R. R., 498; and *Fernández et al.* v. *Foix et al.,* 16 P. R. R., 249.

On the strength of these decisions the conclusion is reached that in such cases as the one under our consideration the appointment is reviewable under the extraordinary remedy of *certiorari.*

As to the order for support, the law, besides requiring that all claims for temporary support should be made in a manner similar to that required in actions for unlawful detainer, provides that judgments rendered in this class of actions are subject to appeal. Laws of 1905, p. 241.

However, as in the case at bar the proceedings provided by law have not been complied with, and as the order for support seems to have been issued to serve as a sort of additional burden on the receiver, inasmuch as this case has been submitted to us to be considered in its entirety it is

our belief that our jurisdiction in this appeal should extend to the said order for temporary support.

The first of the questions involved having been decided in the affirmative, we will now proceed to a consideration of the second.

In our opinion it is clear that a judge has authority to reconsider the orders of his predecessor in actions submitted to his consideration provided the application is made within the proper time and the circumstances of the case so require. But as this is not a question essential to the disposition of this case, without going deeply into its study we will proceed to consider the other questions involved.

Under the laws in force in Porto Rico a receiver may be appointed after a judgment either for the purpose of carrying the judgment into effect, or of disposing of the property in accordance therewith, or of preserving the same pending the decision of the appeal. Section 182 of the Code of Civil Procedure.

The appointment of a receiver in this case was made in an action for the recognition of a natural child and for a declaration of heirs, and only to these two points the amended pleadings and the judgment rendered refer. It was not determined in this action what properties the natural son was entitled to.

This being so, a consideration of the facts and of the law leads us to the logical conclusion that the appointment of a receiver in that action was improper.

But let us admit for the sake of giving proper consideration to all the facts in this case that another suit was brought claiming the hereditary property, and that for the purpose of determining whether or not the appointment of the receiver was proper, the contentions urged in that other suit may be considered in relation with those made in the suit seeking the acknowledgment.

Upon examining the complaint in the suit to recover an inheritance our attention was attracted to the fact that the

nullity of certain proceedings was therein alleged, and that the exact right of Ramón Balasquide Gómez to those particular properties will be finally determined by virtue of proceedings for the partition of certain estates which must be ordered and carried out should the complaint be sustained.

After having gone over the list of properties ordered to be delivered to the receiver, we have arrived at the conclusion that the complaint above-mentioned in the suit to recover an inheritance is the sole ground upon which the court based its action in selecting the properties, and in that same complaint it appears that some of these properties have been sold by Ramón Balasquide Góméz to his brother, Antonio Balasquide, the defendant, by virtue of a public instrument. It is true that the annulment of this instrument is sought, but no court has yet declared that it is null.

Upon examining the motion for the appointment of a receiver transcribed at the beginning of this opinion it has come within our observation that the only allegations therein contained are to the effect that the defendant "*may* unlawfully dispose of the properties," "that the petitioner believes that such fraudulent disposition of his properties by the defendant *may* take place at any time; that he would have no available means to prevent it *unless* a receiver is appointed," and that "beside he has good reasons *to believe* that there exists the intention to conceal and remove said properties," although he fails to state what those reasons are.

Finally, from a consideration of the manner in which the motion was disposed of we find that no testimony was taken that the defendant alleged that he has not been given sufficient time within which to prepare a defense and make objection to the appointment, and that the defendants in the action for the recovery of an inheritance have not been served with a copy of the complaint attached to the motion; nor has it been shown that the alleged rights of the plaintiffs in the actions for the acknowledgment of a natural child and for the recovery of an inheritance cannot be protected except by the

appointment of a receiver. The petitioner, taking an oppo-
site view of the matter says that such protection may be ob-
tained by a decree to secure the effectiveness of the judg-
ment, or by the entry in the registry of property of a notice of
the complaint, or by a writ of injunction, to prevent the de-
fendant or any other person in actual possession of the prop-
erties from attaching or selling them and from making any
disposition whatsoever of the rentals and products derived
therefrom.

"Generally, the application for a receiver is addressed to the sound
legal discretion of the court to be exercised as an auxiliary to the
attainment of the ends of justice. But the power is not an arbitrary
one, and before judicial action can be justified on the ground of dis-
cretion there must be a case calling for the exercise of such discretion.

"The power to appoint a receiver is a delicate one especially when
invoked upon interlocutory *ex parte* applications and should be exer-
cised with extreme caution and only under circumstances requiring
summary relief, or where the court is satisfied that there is imminent
danger of loss, lest the injury thereby caused be far greater than the
injury sought to be averted. It should never be exercised in a doubt-
ful case and when no advantage is to be gained from such appoint-
ment or no injury will result from its refusal—in other words, when
it does not appear to be necessary. The court should consider the
consequences to all of the parties, and the power should not be exer-
cised when it is likely to produce irreparable injustice or injury to
private rights, or when the facts demonstrate that the appointment will
imperil the interests of others whose rights are entitled to as much con-
sideration from the court as those of the complainant. The chancellor
should mould his order that while favoring one injustice is not done
to another, and if this cannot be accomplished, the application should
ordinarily be denied." *Sage* v. *Memphis Railroad Co.*, 125 U. S.,
361; *McNair* v. *Gourrier*, 40 La. Ann., 353; 34 Cyc. 19 and 20, and
cases cited.

Let us now consider all the facts in the light of the
law and of the jurisprudence of the courts above-cited.

By an order of the court nine houses valued at $70,000
and two lots were taken from the possession of the petitioner

and turned over to a receiver to be managed by him, all of which has been done without the defendant having been given a real opportunity to defend his rights, without the consent of this defendant and upon no proof other than the facts alleged in the application and in the copy of the complaint in a certain suit for the recovery of an inheritance.

We cannot hold such procedure to be proper. In cases of this nature an ample opportunity should be given to both parties to be fully heard, and before a receiver is appointed the court, in the exercise of its discretion, should have before it the real facts showing that the appointment is in fact necessary and that there is no better way to secure the preservation of the properties.

The proceedings had in the court below being, therefore, clearly erroneous, no proofs having been furnished to show that there was any property involved in the suit which gave rise to the application for the appointment of a receiver or that such appointment was necessary or indispensable for the conservation of the properties, should any have been found to exist, the order appealed from should be reversed and the properties must be returned to the person or persons from whom they were taken.

In regard to the order for support, we have found it necessary to come to a decision identical to that just given. A procedure is provided for in our statutes for cases of this kind and those applying to a court for a remedy of this sort should follow it. In cases like this it is necessary not only that the right to support be alleged but it must be established by evidence and before fixing the amount to be paid sufficient information should first be obtained by the court as to the requirements of the party applying for it and the means of the party who is to furnish it, since under section 216 of the Civil Code "the amount to be paid for support shall be in proportion to the resources of the person providing the same and in accordance with the necessities of the party receiving it." We have examined the Lucero case, to which reference seems to have

been made in the order, and we do not find that it has a fitting application in support of this petition.

The procedure followed in the application for support not being that provided in the statutes, it follows that it was erroneous and that, therefore, the order appealed from should be set aside.

Judgment should be rendered in conformity with this opinion.

*Petition granted.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.